UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| JOHNNY MARION, | ) ) ) |  |
| Plaintiff, | ) ) | No. 5:21-CV-292-DLB-HAI |
| v. | ) ) ) | RECOMMENDED DISPOSITION |
| NURSE FRYMAN | ) ) ) |  |
| Defendants. | ) ) |  |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 15, 2021, the Clerk docketed a complaint by *pro se* Plaintiff Johnny Marion, a prisoner at the Roederer Correctional Complex in LaGrange, Kentucky, against Defendants Jailer Farmer and Nurse Fryman in their individual and official capacities, the Lexington-Fayette Urban County Government, and the Fayette County Detention Center.  D.E. 1.  The case was transferred to this District from the Western District of Kentucky on November 19, 2021.  D.E. 7.  On December 20, 2021, District Judge Wilhoit dismissed Marion's claims against the Lexington-Fayette Urban County Government, the Fayette County Detention Center, Lieutenant Farmer in his individual and official capacities, and Nurse Fryman in her official capacity.  D.E. 11.[1]  Thus, Marion's remaining claim alleges a violation of his Eighth Amendment right to adequate medical care against Nurse Fryman.

The matter was referred to the undersigned on January 21, 2022, to "conduct all pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions."  D.E. 18.  The Court entered a scheduling order on January 24, 2022.  D.E.

---
[1] This matter was reassigned to District Judge Bunning on August 8, 2022.  D.E. 23.

20. Discovery closed on May 27, 2022, with dispositive motions to be filed by June 27, 2022, and responses due by July 27, 2022. *Id.* Defendant Nurse Fryman filed a motion for summary judgment. D.E. 22. Marion did not file a response by the July 27 deadline. The Court has provided ample time for the response to be mailed, and now recommends Defendant's unopposed motion be granted.

### I. Failure to Respond to Defendant's Motion

Where a party "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision; *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Joint Local Rule 7.1(c) also provides that a failure to file a response in accordance with a court's scheduling order may be grounds for granting a motion for summary judgment.

Here, Marion has filed neither a timely response to Defendant's motion nor a request for an extension of time. *See* D.E. 20. For this reason, the Court views the Defendant's motion as unopposed and will recommend that the motion be granted. However, in granting a motion that will dispose of a claim, courts should make certain that a moving party has satisfied its burden under the Federal Rules. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court will therefore briefly address the merits of Marion's claim.

## II. Marion's Deliberate Indifference Claim

To succeed on an Eighth Amendment claim related to a prisoner's medical treatment, the prisoner must prove that the prison officials unnecessarily and wantonly inflicted pain by acting with deliberate indifference toward the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also O'Bryan v. Fed. Bureau of Prisons*, No. 6:07-CV-76-DCR, 2007 WL 2571906 at *4 (E.D. Ky. Sept. 4, 2007). To prove a deliberate indifference claim, the plaintiff must establish both an objective element (that the medical condition was sufficiently serious) and a subjective element (that prison officials knew of, but consciously disregarded, a substantial risk of harm to the plaintiff's health). *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The subjective element has been described as "more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Further, "the subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by factually unsupported, conclusory opinions[.]" *United States v. State of Mich.*, 940 F.2d 143, 154 n.7 (6th Cir. 1991); *accord Stevens v. Gooch*, 615 F. App'x 355, 360 (6th Cir. 2015).

Marion's complaint appears to allege that Defendant failed to ensure he was receiving adequate medical care because, as he claims, his requests for surgery for multiple, painful hernias from a prior surgery were denied. D.E. 1 at 4-5, D.E. 1-1 at 4. Marion alleges the hernias became more painful, but his additional requests and grievances were denied because the requested surgery was an elective procedure. D.E. 1 at 5, D.E. 1-1 at 4. Marion claims that Defendant "was personally involved in the decisions and her name [is] on the medical denials and grievances." D.E. 1-1 at 4.

"[T]he Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc) (quoting *Hudson v. McMillian*, 503 U.S. 1, 20 (1992). And, in cases where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cty. Of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

The record does not indicate that Marion was severely injured by an inattention to his medical needs. Rather, the reports and medical records attached to Defendant's motion for summary judgment make clear that Marion did receive medical attention. Marion's first health services request was filed on February 3, 2021, due to pain and itching from a stomach hernia. D.E. 22-3 at 1. Marion was seen on February 5, 2021, by Melissa Jones, RN. *Id.* at 6. The medical notes indicate a distended, soft bulge was found during the abdominal exam, but it was "non-tender." *Id.* at 10. The medical notes also indicate that Marion was not in distress and that he was educated on self-care and reporting new or worse symptoms. *Id.* at 7.

Marion was then seen on March 15, 2021, by Kelly Mike, APRN, to review lab results and to address his complaints that the "abdominal hernia ha[d] been bothering him." D.E. 22-4 at 1. The notes from that visit indicate that all questions and concerns were addressed and an abdominal binder would be requested. *Id.* at 2. Defendant indicates that an abdominal binder "is a belt that encircle[s] [the] abdomen that can mitigate hernia-related discomfort." D.E. 22-1 at 2 n.1.

Marion submitted a health services request on March 18, 2021, related to a blister on his toe. D.E. 22-5 at 1. Marion was seen on March 22, 2021, to address this complaint. D.E. 22-5 at 5-6. During that visit, Marion denied having any other complaints. *Id.* 5.

On April 6, 2021, Marion submitted an additional health services request to address his hernia, corns on his toes, and inability to obtain medication. D.E. 22-6 at 1. Marion was seen the same day by Nurse Jones. D.E. 22-6 at 3. Marion stated that he had an abdominal binder, but was not wearing it. *Id.* Marion was seen the next day by Dr. Patrick Downs. *Id.* at 9-10. As to the medications Marion alleged were being withheld, Dr. Downs noted that Marion could not identify the medications he was prescribed, who prescribed them, or the pharmacy that filled them. *Id.* at 9. Thus, Dr. Downs could not prescribe any new medications. *Id.* Dr. Downs also noted that Marion had no acute complaints and the abdominal hernia was unchanged. *Id.* Dr. Downs educated Marion "on activities to avoid regarding [the] hernia and signs to look for." *Id.*

On May 11, 2021, Dr. Downs reported that Marion's medication compliance was less than 80% and had an "extensive discussion" with Marion about the risks of refusing to take Coumadin. D.E. 22-7 at 1, 7. On August 10, 2021, Nurse Mike noted that Marion's medication compliance was less than 80%, his hernia was "bothersome at times," and he was not wearing his abdominal binder. D.E. 22-8 at 1-2.

On August 27, 2021, Marion submitted another health services request, indicating "hernia worse." D.E. 22-9 at 1. In response, Defendant requested that Marion be taken off work detail for one week and he was scheduled to be seen by a nurse practitioner. *Id.* at 4, 8. Marion was seen by Nurse Mike on August 30, 2021, and indicated that the hernia was becoming more bothersome and interfered with his activities and work. *Id.* at 12. Marion reported that he has

been wearing his abdominal binder but did not feel it was helpful. *Id.* Marion requested "to be seen by [a] surgeon for possible surgery." *Id.*

Marion was transferred from the Fayette County Detention Center on October 5, 2021, and the transfer form included "[v]entral hernia without obstruction or gangrene" and "[u]nspecified abdominal hernia without obstruction or gangrene" as his current acute problems. D.E. 22-10 at 4.

Based on these events, Defendant argues that the record reflects Marion was seen and treated frequently for several medical ailments, including his hernias. D.E. 22-1 at 6. Defendant further notes that she is only mentioned once in Marion's medical records. *Id.* This reference indicates that Defendant was consulted in regard to Marion's August 27 complaint of hernia pain and she requested his exemption from work for one week. D.E. 22-9 at 4, 8. The medical records also indicate that Defendant worked with Dr. Downs and another nurse at that time, which resulted in an order for Marion to take ibuprofen and a follow-up appointment with a nurse practitioner being scheduled. *Id.* Defendant argues that these facts do not support a claim of medical negligence, let alone deliberate indifference. *Id.*

As Rule 56(c) makes clear, to counter Defendants' assertion, Marion must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other [such] materials." Fed. R. Civ. P. 56(c)(1)(a). Marion, having not responded or presented evidence of his own, of course has cited to no such evidentiary materials. Thus, there is no issue of material fact. And the facts as presented by Defendant fail to establish deliberate indifference. On this record, Defendant's

motion for summary judgment motion should be granted. Marion has not met his burden of establishing a constitutional violation.

### III. Conclusion

The undersigned **RECOMMENDS** that Defendant's motions for summary judgment (D.E. 22) be **GRANTED**. First, Marion failed to timely respond to the motion. Second, his claim fails on the merits because the facts do not support a finding of deliberate indifference to his serious medical needs.

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of November, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge